# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE BROCK,<br><br>    Plaintiffs,<br><br>    v.<br><br>TUOLUMNE COUNTY SHERIFFS,<br><br>    Defendant | Case No.: 1:17-cv-01610 JLT (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DOE 2 AND THE SECOND CLAIM; ORDER AUTHORIZING PLAINTIFF TO CONDUCT DISCOVERY TO DETERMINE THE IDENTIFTIES OF DOE 1 AND DOE 3 |

The plaintiff claims that when he was booked into the Tuolumne County Jail, he reported to the classification officer that he was a "dropout" from the "Northern" gang. Despite this, he was housed in a non-protective custody cell, which resulted in him being attacked by the other inmates in the cell. Consequently, he claims violations of the Fourteenth Amendment and California's Code of Regulations, Title 15, section 1050. The Court finds that the plaintiff has failed to state a cognizable claim against Doe 2 and has failed to state a claim under the CCR.

**I.	Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted.

///

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hospital Association, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Even still, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, at 678; Moss, at 969.

## III. Plaintiff's Allegations

As in his original complaint, the plaintiff claims that upon his booking[1] into the Tuolumne

---

[1] The plaintiff alleges that he was booked into this jail as a consequence of "a hold from San Joaquin County Jail." (Doc. 10 at 3) He indicates that he told Doe 1 that he was "housed in protective custody." Id. The Court is unclear as to the plaintiff's meaning, but he previously alleged that he was "dressed-out" (Doc. 1 at 3), which seems to imply that

2

County Jail, he told the booking officer (Doe 1) that he was a "Northern dropout." (Doc. 10 at 3) He reports that during this conversation, the supervising officer (Doc. 2) was present. Id. A third officer, Doe 3, escorted the plaintiff to C-Tank, which was a "whites only" cell. Id. He alleges that this was a problem because he was a dropout from a Hispanic gang. Id. He alleges that he told Doe 3 that he was a Northern dropout and Doe 3 acknowledged that housing him in C-Tank "isn't right" but did so nonetheless. Id. After being placed in the cell, he was attacked by the other inmates. Id. He concludes that the placement occurred despite "the knowledge of Does 1, 2, 3 that [he] was a gang dropout and suposed [sic] to be house [sic] protective custody." Id. at 3-4.

### A. Doe Defendants

Plaintiff describes Doe 1 as the booking officer, Doe 2 as the supervisor of the booking officer and the escort officer and Doe 3 as the escort officer. (Doc. 10 at 3) As previously stated, Courts generally look on "Doe pleading" with disfavor. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, the Court will permit the plaintiff to proceed and will give him the opportunity to identify the defendants' identities through limited discovery.[2] Id.

### B. Failure to Protect

Plaintiff seeks to impose liability on the defendants for their failure to protect him from the violent acts of the other inmates. As noted above, in Footnote 1, it remains unclear whether the plaintiff was a pretrial detainee at the time of these events. Though he *concludes* he was a pretrial detainee, he offers no factual allegations, such as indicating that he was arrested at a location other than a jail or prison or describing how the "hold" came to be effective if he was *not* in custody as the time of his arrest.

As previously noted, the Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). However, conditions of confinement claims brought by pretrial detainees are

---

he was coming in from off-the-streets. On the other hand, a "hold" is generally placed on an inmate to prevent his release from custody.

[2] Consequently, his motion to compel discovery is **DENIED as moot.**

analyzed under the Due Process Clause of the Fourteenth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). However, because the facts could give rise to a violation under either Amendment, the Court will permit the issue to be clarified through discovery.

Though it is quite possible Doe 1 acted through negligence, the factual allegations raise an inference that he acted with deliberate indifference to the plaintiff's safety. Thus, the Court will find the plaintiff has stated a claim against Doe 1. Likewise, because Doe 3 specifically knew that the plaintiff should not be housed in the "whites-only cell" but placed him in the cell anyway, the Court finds that the plaintiff has stated a claim against Doe 3.

The plaintiff has not stated a claim against Doe 2. Though he alleges that Doe 2 was present when he reported his gang dropout status, he offers no factual allegations that Doe 2 was aware of the housing assignment made by Doe 1. The plaintiff's mere conclusion that Doe 2 knew this, is insufficient.

**D.    Title 15 California Code of Regulations**

As noted above, the plaintiff contends that the defendants violated Title 15, section 1050 of California's Code of Regulations. (Doc. 10 at 5) This section requires the administrator of a jail or prison to develop a system of classifying inmates. 15 CCR § 1050. It places no obligations on officers working in the jail.

In addition, the regulations governing the conduct of prison employees do not necessarily give rise to liability if the officers breach them. Indeed, the Court has found no authority to support a finding that there is an implied private right of action under Title 15. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that the plaintiff fails to state a claim upon which relief may be granted.

**E.    Exhaustion of Administrative Remedies**

Once again, the plaintiff admits that he did not grieve the events raised in his complaint. (Doc. 10 at 4) Now, he claims he failed to do so because Doe 3 refused to give him a grievance form and told him that the events were not "grievable." Id. In his original complaint, he claimed that he failed to submit a grievance because the relief he sought was not addressable through a grievance and because he feared acts of retaliation. (Doc. 1 at 4)

As the Court previously informed the plaintiff, he must exhaust available administrative remedies in order to bring a claim under the Prison Litigation Reform Act. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to jail or prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney, 311 F.3d at 1199.

The PLRA does not require exhaustion when circumstances render administrative remedies effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)); see also Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (exhaustion not required where prison officials failed to give grievance forms to the plaintiff); Dole v. Chandler, 438 F.3d 804, 809, 811 (7th Cir. 2006) (prison officials' failure to respond to properly filed grievance made exhaustion effectively unavailable). To fall within an exception to the exhaustion requirement, a prisoner must show that he attempted to exhaust his administrative remedies

As noted above, the plaintiff now indicates that Doe 3 refused to give him a grievance form. The Court is concerned that this claim is being made *only* after it instructed him on when the PLRA would excuse a failure to exhaust. However, the Court cannot judge the plaintiff's credibility at this juncture. Thus, the Court finds his allegations, if truthful, are sufficient at this time.

**E.     Conclusion**

For the reasons discussed above, the plaintiff's first amended complaint fails to state any cognizable claim against Doe 2. Also, the cause of action based upon California's Code of Regulations is not cognizable. Because the first amended complaint suffers from the same defects as to this defendant and claim as in his prior pleading, it appears futile to allow further amendment. Akhtar v.

Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **ORDERS**:

1. The Clerk of the Court is directed to assign a district judge to the action;

2. The plaintiff may conduct limited discovery to determine the true identities of Doe 1 and Doe 3. Plaintiff **SHALL** file a notification indicating the true identities of Doe 1 and Doe 3 **no later than August 3, 2018**;

In addition, the Court **RECOMMENDS**:

1. That this action proceed only on Claim 1 (failure to protect) against Doe 1 and Doe 3;

2. That Doe 2 and Claim II (violation of the California Code of Regulations) be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 21 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2018**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE