UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DAVID LEE BROCK,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY SHERIFFS DOES 1-3,<br><br>Defendants. | CASE NO. 1:17-cv-01610-LJO JLT (PC)<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**THIRTY (30) DAY DEADLINE** |
|---|---|

Plaintiff, a county inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 7, 2018, the magistrate judge screened plaintiff's first amended complaint and filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In his first amended complaint, plaintiff alleges that when he was booked into the Tuolumne County Jail, he reported to the booking officer (Doe 1) that he was a "dropout" from the "Northern" gang (a Hispanic gang), and he requested to be housed in protective custody. Doe

2, a sergeant, was present during this conversation and made aware of plaintiff's dropout status and request for special housing. After plaintiff was "dressed out," he was escorted to general housing by a deputy, Doe 3, who was also made aware of plaintiff's dropout status, request for protective custody, and the potential danger to plaintiff. Nonetheless, plaintiff was placed into a non-protective custody area with whites only. Once there, plaintiff was assaulted by 3 or 4 inmates who knew of plaintiff's dropout status from a Hispanic gang.

The magistrate judge screened the pleading and found that plaintiff stated a claim against Does 1 and 3, but not as to Doe 2. Specifically, the magistrate judge held that "[t]hough Doe 2 was present when [plaintiff] reported his gang dropout status, he offers no factual allegations that Doe 2 was aware of the housing assignment made by Doe 1. The plaintiff's mere conclusion that Doe 2 knew this, is insufficient." (ECF No. 14 at 4.) The magistrate judge thus recommended that Doe 2 be dismissed from this action. She also recommended that any claims based on the alleged violations of Title 15 of the California Code of Regulations be dismissed.

In his objections, plaintiff contends that Doe 2 was present during his conversation with Doe 1, and that he, as the sergeant on duty, oversaw classifying and housing inmates. Plaintiff also claims that Doe 3 escorted plaintiff to the holding cell at the direction of Doe 2. He asserts that these allegations were not included in the operative complaint because he was under the impression that he had to limit them to the short space provided in the form complaint for inmates. Plaintiff thus asks leave to amend his complaint. Plaintiff's request will be granted, and he is directed to submit additional pages if he deems it necessary to fully and truthfully set forth his allegations. Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 7, 2018, are adopted in part;
2. Plaintiff's claim premised on alleged violations of Title 15 of the California Code of Regulations is dismissed without leave to amend; and

3. Plaintiff's second amended complaint shall be filed within thirty (30) days from the date of this order.

Plaintiff needs to pay attention to the substance of this order. If not, there will be no further opportunities to amend.

IT IS SO ORDERED.

Dated: **November 3, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE