# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE BROCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY SHERIFFS, DOES 1-3,<br><br>　　　　Defendants. | CASE NO. 1:17-cv-01610-LJO JLT (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ISSUANCE OF SUBPOENA (Doc. 16)**<br><br>**THIRTY-DAY DEADLINE** |

  The Court granted Plaintiff permission to conduct limited discovery to determine the true identities of Doe 1 and Doe 3. (See Doc. 14 at 6.) In response, plaintiff served two sets of interrogatories on non-party Tuolumne County Sheriff's Office pursuant to Federal Rule of Civil Procedure 33. Plaintiff's operative pleading, however, does not identify the Tuolumne County Sheriff's Office as a defendant. Thus, Rule 33, which concerns interrogatories to *parties*, is not the proper vehicle through which to obtain information regarding the identities of Does 1 and 3 from a non-party.

  Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to Fed. R. Civ. P. 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the

provisions of Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within plaintiff's reasonable access, and is based upon a sufficient showing of the importance of the information.

The Court will therefore construe plaintiff's motion to compel as a motion for issuance of a subpoena. This request is denied without prejudice pending the submission of a properly completed subpoena. The Court will direct the Clerk's office to send plaintiff a subpoena duces tecum, which he shall complete and return to the Court. When completing this subpoena, plaintiff shall specify exactly which documents he is seeking. The request must be specific enough to determine what plaintiff seeks, i.e., the identity of Doe Defendants.

Once returned, the Court will decide if it has been properly prepared and is seeking proper information and, if so, issue the subpoena to the correct entity for the production of documents. In addition, plaintiff is only allowed to engage in discovery for the limited purpose of identifying Doe Defendants. The identifying information that plaintiff previously gave the Court (each Doe's place of employment, location upon plaintiff's arrival to the institution, appropriate dates, times, and positions) should be used to narrow plaintiff's request for documents.

///
///
///
///
///

2

Accordingly, the Court ORDERS:

1. Plaintiff's motion for issuance of a subpoena is **DENIED**;

2. The Clerk of Court shall send plaintiff a blank subpoena duces tecum. Within thirty days from the date of this Order, plaintiff shall complete the Subpoena and return it to the Court for review.

IT IS SO ORDERED.

Dated: __**November 5, 2018**__   _____**/s/ Jennifer L. Thurston**_____
UNITED STATES MAGISTRATE JUDGE