UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DAVID LEE BROCK, | CASE NO. 1:17-cv-01610-LJO JLT (PC) |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR THE COURT TO ISSUE A SUBPOENA** |
| v. | |
| TUOLUMNE COUNTY SHERIFF'S OFFICE, et al., | (Docs. 19, 20) |
| Defendants. | |

Plaintiff is a state inmate whose second amended complaint is before the Court for screening. (Doc. 19.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**I.    Plaintiff's Allegations**

Plaintiff is currently detained at Mule Creek State Prison but complains of acts that occurred when he was booked at the Tuolumne County Jail as a pretrial detainee. He names three Doe Defendants from the Tuolumne County Sheriff's Office.

Sometime in 2016, plaintiff was booked into the Tuolumne County Jail, where he reported to the booking officer (Doe 1) that he was a "dropout" from the "Northern" gang (a Hispanic

2

gang), and he requested to be housed in protective custody. Doe 2, a sergeant, was present during this conversation and made aware of plaintiff's dropout status and request for special housing. After plaintiff was "dressed out," he was escorted to general housing by a deputy, Doe 3, who was also made aware of plaintiff's dropout status, request for protective custody, and the potential danger to plaintiff. Despite the safety risk, plaintiff was placed into a non-protective custody area with whites only where he was assaulted by three or four inmates aware of plaintiff's dropout status. Plaintiff seeks damages.

**II.     Discussion**

The Ninth Circuit set forth the following criteria for a pretrial detainee's Fourteenth Amendment failure-to-protect claim:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. Aug. 15, 2016).

Plaintiff satisfies the criteria for each of the three Doe Defendants: he accuses each of being aware of plaintiff's gang dropout status and the risk of harm to plaintiff if placed in general housing, each made an intentional decision with respect to that information by placing plaintiff in general housing and/or not preventing his placement there, none of the defendants took reasonable measures to abate the risk to plaintiff, and plaintiff suffered an assault at the hands of other inmates who knew of plaintiff's dropout status. Plaintiff has thus adequately asserted a Fourteenth Amendment failure-to-protect claim against Does 1-3.

**III.     Motion for Issuance of Subpoena**

Because the three defendants are unidentified, plaintiff requests the Court issue a

subpoena duces tecum. (Doc. 20.)

The Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

Plaintiff moves to serve a subpoena on the Tuolumne County Sheriff's Office to identify "Each named Does, (1), (2), (3), actual and true identity (names) involved in the complaint, and their positions." (Doc. 20 at 2.) While neither the subpoena nor the pleading identifies the date of plaintiff's booking, this information should be within the Tuolumne County Sheriff's Office's records and thus easily accessible. Plaintiff's motion will therefore be granted.

**IV.    Conclusion**

Plaintiff's second amended complaint states a cognizable Fourteenth Amendment failure-to-protect claim against Does 1 through 3. The Court thus ORDERS that:

1. Plaintiff's motion for subpoena (Doc. 20) is GRANTED;

2. The Clerk of Court shall forward the following documents to the United States Marshal Service (USMS):

    a. One completed and issued subpoena duces tecum to be served on:

4

**Tuolumne County Sheriff's Office**

**Litigation Coordinator**

**28 N. Lower Sunset Drive**

**Sonora, CA 95370**

    b. One copy of the second amended complaint (Doc. 19);

    c. One completed USMS–285 form; and

    d. Two copies of this order, one to accompany the subpoena and one for the USM;

In completing the subpoena, the Clerk of Court shall list, as described here, the documents requested: Documents identifying the names and positions of Does 1, 2, and 3 who, as described in the second amended complaint, booked plaintiff in 2016.

    3. As soon as practicable[1], the USMS is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure. Before attempting personal service, the USMS may request the Tuolumne County Sheriff's Office waive personal service of this subpeona;

    4. The USMS shall serve by personal service the subpoena duces tecum, along with a copy of this order and a copy of the second amended complaint, upon the individual/entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

    5. Within 10 days after personal service is made, the USMS shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form; and

    6. Within 30 days after service is made, the Litigation Coordinator of Tuolumne County Sheriff's Office is directed to serve the responsive documents on plaintiff:

**David Lee Brock**

**CDC # BF2457**

**Mule Creek State Prison**

---

[1] Due to the government shutdown, the Court understands that there may be only limited resources to serve civil subpoenas such as this.

**P.O Box 409060**

**Ione, CA 95640**

7. Within fourteen days upon receipt of the documents identifying the Doe Defendants, plaintiff is directed to submit a notice with the Court, upon which he will then be directed to submit documents necessary to effectuate service.

IT IS SO ORDERED.

    Dated: __January 9, 2019__            __/s/ Jennifer L. Thurston__
                                                      UNITED STATES MAGISTRATE JUDGE