UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE BROCK,<br><br>    Plaintiff,<br>    v.<br><br>TUOLUMNE COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-01610-NONE JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS AND GRANT PLAINTIFF LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br>(Doc. 44)<br><br>**FOURTEEN-DAY DEADLINE** |

This matter is before the Court on defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 44.) Plaintiff opposes the motion. For the reasons set forth below, the Court will recommend that defendants' motion to dismiss be granted and that plaintiff be granted leave to file an amended complaint.

**I.     Plaintiff's Allegations**

In the Third Amended Complaint, plaintiff brings this suit against Tuolumne County Jail Deputy A. Smith, Sergeant Ransom, Deputy Stallings, Deputy Hurtado, Deputy Long, Deputy Richards, Deputy Lee, and Sergeant McNeil. Plaintiff's allegations may be fairly summarized as follows:

On September 2, 2016, at some point between 11 p.m. and 12:00 a.m., plaintiff was arrested on an outstanding warrant and taken to the Tuolumne County Jail for booking. During

1

the intake process at the jail, plaintiff informed the booking officer, Deputy A. Smith, that he was a dropout from a Northern Mexican gang and needed to be housed in protective custody. Plaintiff also informed Sergeant Ransom, who was present during the intake, of his need for protective custody. Sergeants at the jail are responsible for classifying and housing the inmates appropriately, and Sergeant Ransom allegedly made the decision to house plaintiff in non-protective custody despite knowledge of a risk to plaintiff's safety.

Sergeant McNeil came on duty on or around 5 a.m. the morning of the booking to relieve Sergeant Ransom. He is alleged to have read the booking report, which would have noted plaintiff's need for protective custody. Nonetheless, Sergeant McNeil ratified Sergeant Ransom's decision to house plaintiff in non-protective custody.

Plaintiff was then placed in a holding cell where he dressed-out and waited for his housing assignment. Once dressed, the escorting officer—a John Doe defendant who is either Deputy Stallings, Deputy Hurtado, Deputy Long, Deputy Richards, or Deputy Lee—proceeded to escort plaintiff to his housing unit. When plaintiff asked where that would be, the escorting officer told him he was to be housed in the C-Tank, which is an active non-protective custody, whites-only tank. Plaintiff told the escorting officer that he was a Northern gang dropout, to which this officer said, "Well this isn't right," but he took plaintiff to C-Tank anyway. Once there, plaintiff was assaulted by 3 or 4 inmates who, he alleges, knew he was a dropout. Several deputies, including John Doe, broke up the attack and escorted plaintiff to medical.

## II.     Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be

accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment

1 can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see
2 also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**III.     Discussion**

Plaintiff proceeds on a Fourteenth Amendment failure-to-protect claim against the defendants. The Ninth Circuit set forth the following criteria for a pretrial detainee's failure-to-protect claim:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. Aug. 15, 2016). With respect to the third factor, the defendant's conduct must be objectively unreasonable, which "turns on the 'facts and circumstances of each particular case.". Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (citing Kingsley v. Hendrickson, 576 U.S. 389, 135 S. Ct. 2466, 2473 (2015)); see also Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Defendants move to dismiss the Third Amended Complaint on the ground that plaintiff fails to allege sufficient facts that would entitle him to relief against any defendant. They first contend that plaintiff failed to specify which defendant (if any) was responsible for making housing decisions. But plaintiff specifically alleges that the sergeants are responsible for housing decisions. See Third Am. Compl. at 5 ("In Tuolumne County Jail, the SGT is responsible for classifying and housing the inmates appropriately.") He then claims that Sergeant Ransom made the initial decision to house plaintiff in the C-Tank, and Sergeant McNeil, who came on duty after, ratified the decision. Id. at 7. Dismissal is therefore not warranted on this ground.

Defendants next argue that the pleading lacks facts showing that plaintiff's placement in

the C-Tank put him at substantial risk of harm. They contend that the decision to place a former gang member in the C-Tank is not one that, standing alone, would necessarily put him at a substantial risk of suffering serious harm. Instead, there must be more than a "mere threat" of possible harm. Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) ("speculative and generalized fears of harm … do not rise to a sufficiently substantial risk of serious harm."). They argue that plaintiff's allegations do not rise beyond speculation and are therefore not actionable.

Upon further review, the Court agrees that the Third Amended Complaint fails to include sufficiently specific allegations. For example, plaintiff does not allege facts to support that his attacker knew he was a dropout; he merely concludes that they knew. He does not allege facts to support that the attack was gang related. He fails to allege any facts to show that he informed any of the defendants that specific individuals in the C-Tank posed a threat to him or facts to show that the *only* safe placement for him was administrative segregation. In sum, there are no facts in the operative pleading upon which one could infer that plaintiff's fear was sufficiently specific as opposed to merely speculative. Rather, it appears he assumes that there is no compatible cellblock for a Northerner gang member dropout. For these reasons, defendants' motion to dismiss should be granted.

## IV.   Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of

these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

In his opposition, plaintiff alleges new facts that suggest he may be able to meet the criteria to state a Fourteenth Amendment failure-to-protect claim. He alleges, for instance, that each of the defendants was aware that plaintiff was a gang dropout, the intake forms noted that plaintiff could not be placed in general population, the forms further noted that plaintiff required "medium and protective custody," and that he needed to be placed in "medium and administrative segregation." In the section on the form that asked, "Is there any reason you should not be placed in general population? (Enemies, gang affiliation, etc.)," the typed answer was "Northern Drop Out." As for the timing of the assault, plaintiff alleges that he was assaulted "minutes" after placed in the C-Tank and that the assault "happened because of the gang issue."[1] In light of these new allegations, the Court will recommend that the dismissal be without prejudice, and plaintiff be granted leave to file a Fourth Amended Complaint.

## V.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED**, the Third Amended Complaint be dismissed, and plaintiff be granted leave to file

---

[1] In any amended complaint, the plaintiff must explain what makes him believe the attack "happened because of the gang issue."

a Fourth Amended Complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 15, 2020**               **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE